No. 25-10547

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

———————

SCHRADE JONES and
CARTER GILLIAM,

Plaintiffs-Appellants,

v.

UNITED STATES OF AMERICA and
TENNESSEE VALLEY AUTHORITY,

Defendants-Appellees.

———————

On Appeal from the United States District Court
for the Northern District of Alabama

———————

**RESPONSE OF APPELLEE THE UNITED STATES OF AMERICA TO APPELLANTS' PETITION FOR INITIAL HEARING EN BANC**

———————

BRETT A. SHUMATE
  *Assistant Attorney General*

PRIM F. ESCALONA
  *United States Attorney*

CHARLES W. SCARBOROUGH
WEILI J. SHAW
  *Attorneys, Appellate Staff*
  *Civil Division, Room 7240*
  *U.S. Department of Justice*
  *950 Pennsylvania Avenue NW*
  *Washington, DC 20530*
  *(202) 514-1371*

# AMENDED CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT

Pursuant to Eleventh Circuit Rule 26.1, counsel for appellee the United States of America identifies the following individuals and entities as having an interest in the outcome of this appeal.

Ayliffe, David D.

Berro, Ibrahim M.

Billingsley, Michael B.

Burke, Hon. Liles C.

Chase, James S.

Delemarre, Michelle

Escalona, Prim F.

Gilliam, Carter

Holt, Elizabeth

Jones, Schrade

Long, Don

Rouse, Franklin Taylor

Scarborough, Charles W.

Shaw, Weili J.

Tennessee Valley Authority

United States of America

  * Additions to previous certificate are marked with an asterisk.

## TABLE OF CONTENTS

|  | Page |
|---|---|
| INTRODUCTION AND SUMMARY OF ARGUMENT | 1 |
| STATEMENT OF THE ISSUE | 2 |
| STATEMENT OF THE CASE | 2 |
|     A. Factual Background | 2 |
|     B. Prior Proceedings | 2 |
| ARGUMENT | 4 |
| CONCLUSION | 11 |
| CERTIFICATE OF COMPLIANCE | |

# TABLE OF AUTHORITIES

**Cases:** **Page(s)**

*Bearce v. United States*,
614 F.2d 556 (7th Cir.), *cert. denied*,
449 U.S. 837 (1980) ........................................................................... 6, 7

*Bonner v. City of Prichard*,
661 F.2d 1206 (11th Cir. 1981) ............................................................... 6

*Canadian Transp. Co. v. United States*,
663 F.2d 1081 (D.C. Cir. 1980) ............................................................ 6, 7

*Cranford v. United States*,
466 F.3d 955 (11th Cir. 2006), *cert. denied*,
552 U.S. 810 (2007) .................................................................................. 5

*De Bardeleben Marine Corp. v. United States*,
451 F.2d 140 (5th Cir. 1971) .................................................................... 6

*Drake Towing Co. v. Meisner Marine Constr. Co.*,
765 F.2d 1060 (11th Cir. 1985), *abrogated on other grounds by*
*Cranford v. United States*, 466 F.3d 955 (11th Cir. 2006) ................... 5

*Earles v. United States*,
935 F.2d 1028 (9th Cir. 1991) .................................................................. 6

*Eastern Transp. Co. v. United States*,
272 U.S. 675 (1927) ............................................................................. 8-9

*EEOC v. Indiana Bell Tel. Co.*,
256 F.3d 516 (7th Cir. 2001)..................................................................... 9

*Federal Hous. Admin., Region No. 4 v. Burr*,
309 U.S. 242 (1940).................................................................................. 8

*Gercey v. United States*,
540 F.2d 536 (1st Cir. 1976), *cert. denied*,
430 U.S. 954 (1977) ............................................................................. 6, 7

*Graves v. United States*,
872 F.2d 133 (6th Cir. 1989) .................................................................... 6

*Joint E. & S. Dists. Asbestos Litig., In re*,
   891 F.2d 31 (2d Cir. 1989) .............................................................................. 6

*McMellon v. United States*,
   387 F.3d 329 (4th Cir. 2004) ........................................................................... 6

*Mid-South Holding Co. v. United States*,
   225 F.3d 1201 (11th Cir. 2000) .................................................................. 3, 5

*Mitts v. Bagley*,
   626 F.3d 366 (6th Cir. 2010) ........................................................................... 9

*Morrison v. Amway Corp.*,
   323 F.3d 920 (11th Cir. 2003)..........................................................................6

*Sea-Land Serv., Inc. v. United States*,
   919 F.2d 888 (3d Cir. 1990), *cert. denied*,
   500 U.S. 941 (1991) ........................................................................................ 6

*Tew v. United States*,
   86 F.3d 1003 (10th Cir. 1996) ......................................................................... 6

*Thacker v. TVA*,
   587 U.S. 218 (2019) .................................................................................. 3, 8

*U.S. Fire Ins. Co. v. United States*,
   806 F.2d 1529 (11th Cir. 1986), *abrogated on other grounds by*
   *Cranford v. United States*, 466 F.3d 955 (11th Cir. 2006) .................................. 7

*United States v. Archer*,
   531 F.3d 1347 (11th Cir. 2008) ....................................................................... 8

*Wiggins v. United States ex rel. Dep't of the Army*,
   799 F.2d 962 (5th Cir. 1986) ....................................................................... 6, 7

*Williams ex rel. Sharpley v. United States*,
   581 F. Supp. 847 (S.D. Ga. 1983) ................................................................ 5, 7

*Williams v. United States*,
   747 F.2d 700 (11th Cir. 1984), *aff'g and adopting*,
   *Williams ex rel. Sharpley v. United States*,
   581 F. Supp. 847 (S.D. Ga. 1983) .................................................................... 5

**Statutes:**

Suits in Admiralty Act (SAA),
  46 U.S.C. § 30903(a) .................................................................................. 2

Tennessee Valley Authority Act of 1933 (TVA Act):
  16 U.S.C. § 831 *et seq*. ............................................................................... 8
  16 U.S.C. § 831c(b) ..................................................................................... 3

28 U.S.C. § 46(c) ............................................................................................. 4

**Rules:**

Fed. R. App. P. 40(b)(2) .................................................................................. 5

Fed. R. App. P. 40(c) ....................................................................................... 5

Fed. R. App. P. 40(g) ....................................................................................... 5

11th Cir. R. 40-6 .............................................................................................. 5

# INTRODUCTION AND SUMMARY OF ARGUMENT

This appeal, which the parties have already fully briefed on the merits, concerns claims against the United States and the Tennessee Valley Authority (TVA) under the Suits in Admiralty Act (SAA). Those claims arise out of an allision in which plaintiffs' boat struck a duck blind. One of the issues the parties briefed in the appeal is whether the SAA's waiver of sovereign immunity contains an exception for discretionary functions. Plaintiffs ask this Court to take the extraordinary step of hearing the case en banc to address that issue before a panel has even had the opportunity to consider the appeal. However, plaintiffs have not identified any sound reason for this Court to bypass the normal process of consideration before a three-judge panel. Plaintiffs make no claim of conflict with another circuit; indeed, every court of appeals to have decided the issue—that is, almost all of them—has adopted the same position as this Court and the district court below. Instead, plaintiffs argue that the district court should have followed what they contend is a binding, earlier-in-time decision of this Court. They also argue that the Supreme Court has abrogated this Court's precedent. Those contentions are wrong, but more importantly they are arguments that the panel can and should consider in the first instance. The panel may also decide the case on grounds other than those raised in plaintiffs' petition. This Court should

accordingly deny the petition and allow the panel to issue a decision in the ordinary course before considering any request for en banc review.

## STATEMENT OF THE ISSUE

Whether the waiver of sovereign immunity in the SAA contains an exception for discretionary functions.

## STATEMENT OF THE CASE

### A. Factual Background

Plaintiffs Schrade Jones and Carter Gilliam allege that, while boating at night on Lake Guntersville in Alabama, they struck a duck blind built by unidentified persons outside the river's marked navigation channel, causing them injury. Doc. 1, at 13-15. Plaintiffs allege that the blind was not marked with buoys or other materials necessary to warn boaters of its presence. *Id.* at 13-14.

### B. Prior Proceedings

1. Plaintiffs filed suit against defendants the United States and the TVA, which allegedly exercised control over the area where the accident occurred. Doc. 1, at 1-2. Plaintiffs allege that defendants were negligent in failing to remove or warn boaters of the duck blind. *Id.* at 15-16.

The district court granted defendants' separate motions to dismiss the complaint for lack of subject-matter jurisdiction. Doc. 35, at 1. The court explained that the SAA, 46 U.S.C. § 30903(a), was the only possible jurisdictional basis for plaintiffs' claim against the United States. Doc. 35, at 8. The court

further observed that, under this Court's precedent, the SAA's waiver of sovereign immunity is subject to an exception for discretionary functions. *Id.* at 9. "That exception 'preserves the United States' sovereign immunity against "[a]ny claim . . . based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the [United States], whether or not the discretion involved be abused."'" *Id.* (alterations in original) (quoting *Mid-South Holding Co. v. United States*, 225 F.3d 1201, 1205 (11th Cir. 2000)).

The district court rejected plaintiffs' argument that this Court's precedent recognizing such an exception was no longer good law after *Thacker v. TVA*, 587 U.S. 218 (2019). Doc. 35, at 10. The court explained that *Thacker* did not disturb this Court's precedent because *Thacker*'s holding concerned only the TVA's sue-and-be-sued clause, 16 U.S.C. § 831c(b), and did not apply to the SAA. Doc. 35, at 10.

Finally, the district court concluded that the discretionary-function exception applied on the facts of this case and that plaintiffs' claims were barred by sovereign immunity. Doc. 35, at 14. The court thus dismissed plaintiffs' suit but granted leave to file an amended complaint. *Id.* at 15. The district court dismissed the amended complaint for similar reasons. Doc. 51, at 7-10.

2. Plaintiffs appealed, Doc. 52, at 1, and filed a petition for initial hearing en banc before filing their opening brief. The Court did not rule on the petition or call for a response, and the parties subsequently fully briefed the appeal on the merits. After briefing was complete, the Court ordered the United States to file a response to the petition.

**ARGUMENT**

Plaintiffs ask this Court to grant initial hearing en banc to decide whether the SAA's waiver of sovereign immunity incorporates an exception for discretionary functions. But plaintiffs have not identified any sound basis for this Court to take the extraordinary step of bypassing the normal process of panel consideration. This case meets none of the criteria for en banc review. Moreover, to the extent plaintiffs argue that the district court should have followed an earlier-in-time decision or that the Supreme Court has abrogated this Court's precedent, the panel can and should decide those issues in the first instance. This Court should accordingly deny the petition.

1. Courts of appeals ordinarily hear cases as panels of three judges. *See* 28 U.S.C. § 46(c) ("Cases and controversies shall be heard and determined by a court or panel of not more than three judges . . . unless a hearing or rehearing before the court in banc is ordered . . . ."). This Court's rules emphasize that "[a] petition for en banc consideration, whether upon initial hearing or rehearing, is an

4

extraordinary procedure intended to bring to the attention of the entire court a precedent-setting error of exceptional importance." 11th Cir. R. 40-6. "Rehearing en banc is not favored and ordinarily will be allowed only if one of the criteria" in the Federal Rules of Appellate Procedure is met. Fed. R. App. P. 40(c); *see* Fed. R. App. P. 40(b)(2) (requiring an intra-circuit conflict, an inter-circuit conflict, a conflict with a Supreme Court decision, or a question "of exceptional importance"). Initial hearing en banc is even more extraordinary "and ordinarily will not be ordered." Fed. R. App. P. 40(g). Petitioners have not demonstrated that this is one of the exceptional cases where initial hearing en banc is warranted.

2. This Court has held that the SAA contains a discretionary-function exception in at least four decisions, starting with *Williams v. United States*, 747 F.2d 700 (11th Cir. 1984) (per curiam), *aff'g and adopting*, *Williams ex rel. Sharpley v. United States*, 581 F. Supp. 847, 852 (S.D. Ga. 1983). *See Cranford v. United States*, 466 F.3d 955, 959 (11th Cir. 2006), *cert. denied*, 552 U.S. 810 (2007); *Mid-South Holding Co. v. United States*, 225 F.3d 1201, 1204 (11th Cir. 2000); *Drake Towing Co. v. Meisner Marine Constr. Co.*, 765 F.2d 1060, 1063-64 (11th Cir. 1985), *abrogated on other grounds by Cranford*, 466 F.3d at 959. Plaintiffs do not argue that this Court's precedent conflicts with precedent of any other court of appeals, and for good reason: every court of appeals to have

considered the issue, which includes all but two circuits, has reached the same conclusion.[1]

3.  Plaintiffs contend (at 1, 6, 9) that this Court is not bound by *Williams* and the many other decisions recognizing that the SAA incorporates a discretionary-function exception because an earlier Fifth Circuit decision, *De Bardeleben Marine Corp. v. United States*, 451 F.2d 140 (5th Cir. 1971), reached a contrary result and should have bound the prior panels, *see Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc) (adopting former Fifth Circuit decisions issued before October 1, 1981). Plaintiffs argue that *De Bardeleben* controls this case rather than *Williams* because "a decision of a prior panel cannot be overturned by a later panel." Pet. for Initial Hearing En Banc 9 (quoting *Morrison v. Amway Corp.*, 323 F.3d 920, 929 (11th Cir. 2003)).

As explained in our panel-stage brief (at 12-15), plaintiffs err in contending that *De Bardeleben*, not *Williams*, controls this case. Numerous courts, including

---

[1] *See Canadian Transp. Co. v. United States*, 663 F.2d 1081, 1086 (D.C. Cir. 1980); *Gercey v. United States*, 540 F.2d 536, 539 (1st Cir. 1976), *cert. denied*, 430 U.S. 954 (1977); *In re Joint E. & S. Dists. Asbestos Litig.*, 891 F.2d 31, 35 (2d Cir. 1989); *Sea-Land Serv., Inc. v. United States*, 919 F.2d 888, 891 (3d Cir. 1990), *cert. denied*, 500 U.S. 941 (1991); *McMellon v. United States*, 387 F.3d 329, 349 (4th Cir. 2004) (en banc); *Wiggins v. United States ex rel. Dep't of the Army*, 799 F.2d 962, 966 (5th Cir. 1986); *Graves v. United States*, 872 F.2d 133, 137 (6th Cir. 1989); *Bearce v. United States*, 614 F.2d 556, 559-60 (7th Cir.), *cert. denied*, 449 U.S. 837 (1980); *Earles v. United States*, 935 F.2d 1028, 1031-32 (9th Cir. 1991); *Tew v. United States*, 86 F.3d 1003, 1005 (10th Cir. 1996).

the Fifth Circuit and this Court, have concluded that *De Bardeleben*'s holding does not extend to whether the SAA's waiver of sovereign immunity contains a discretionary-function exception. *See Williams*, 581 F. Supp. at 851 (first citing *Canadian Transport Co. v. United States*, 663 F.2d 1081, 1085 (D.C. Cir. 1980); then citing *Bearce v. United States*, 614 F.2d 556, 559 (7th Cir.), *cert. denied*, 449 U.S. 837 (1980); and then citing *Gercey v. United States*, 540 F.2d 536, 539 (1st Cir. 1976), *cert. denied*, 430 U.S. 954 (1977)); *U.S. Fire Ins. Co. v. United States*, 806 F.2d 1529, 1535 (11th Cir. 1986), *abrogated on other grounds by Cranford*, 466 F.3d at 959; *Wiggins v. United States ex rel. Dep't of the Army*, 799 F.2d 962, 964-65 (5th Cir. 1986) (stating that "*DeBardeleben* is not binding in this Circuit, even by way of dictum, and . . . there are no authoritative holdings in this Circuit on the issue of whether a discretionary function exception is applicable under the SAA").

In any event, whether *De Bardeleben* established a binding holding on the discretionary-function question is a run-of-the-mill question regarding the interpretation of circuit precedent that the three-judge panel assigned to this appeal should have the opportunity to consider in the first instance. There is no reason for the en banc Court to intervene before the panel has had the opportunity to address this issue and many others that could obviate any need for en banc review.

7

4. Plaintiffs also contend (at 12-13) that *Thacker v. TVA*, 587 U.S. 218 (2019), abrogated this Court's precedent holding that the SAA contains a discretionary-function exception, but that argument likewise does not justify the extraordinary step of bypassing the panel and granting initial hearing en banc. In this Court, a panel may decide if an intervening "Supreme Court decision . . . clearly on point" has "overrule[d] the decision of a prior panel of our court." *United States v. Archer*, 531 F.3d 1347, 1352 (11th Cir. 2008) (quotation marks omitted). The panel should have the opportunity to make that determination in the first instance.

In any event, as explained in our panel-stage merits brief (at 15-20), *Thacker* did not abrogate this Court's precedent. *Thacker* did not interpret the SAA, but rather the Tennessee Valley Authority Act of 1933 (TVA Act), 16 U.S.C. § 831 *et seq*. *See Thacker*, 587 U.S. at 220. Nor does *Thacker*'s reasoning undermine this Court's precedent. *Thacker* applied the Supreme Court's test for determining whether a "sue-and-be-sued clause . . . contain[s] 'implied exceptions,'" *id*. at 224 (quoting *Federal Hous. Admin., Region No. 4 v. Burr*, 309 U.S. 242, 245 (1940)), but that test has no bearing on the scope of the government's immunity under the SAA because the SAA does not contain a sue-and-be-sued clause.

Plaintiffs also contend (at 5, 9) that this Court's position is inconsistent with some opaque language in *Eastern Transportation Co. v. United States*, 272 U.S.

8

675 (1927), but none of the many appellate decisions concluding that the SAA contains a discretionary-function exception have considered *Eastern Transportation* relevant to the issue. A claim of inconsistency with an almost century-old decision that no appellate court has found relevant is hardly sufficient grounds for this Court to take the extraordinary step of granting initial hearing en banc.

5. Finally, this case does not present a question of such exceptional importance that it would justify a significant expenditure of time and resources by the en banc Court before a panel has even had an opportunity to consider the appeal. Plaintiffs make no attempt to explain the broader practical importance of the issue they raise. Instead, they merely contend (at 10-12) that this Court's precedent misinterprets the SAA. But "[i]n the run-of-the-mine case," disagreement with a panel's decision "rarely suffices" to warrant en banc review, or "else many cases a year would be decided [en banc], a rarely satisfying, often unproductive, always inefficient process." *Mitts v. Bagley*, 626 F.3d 366, 370 (6th Cir. 2010) (Sutton, J., concurring); *see also EEOC v. Indiana Bell Tel. Co.*, 256 F.3d 516, 529 (7th Cir. 2001) (en banc) (Posner, J., concurring) ("[W]e do not take cases en banc merely because of disagreement with a panel's decision . . . ."). These considerations have even greater force where, as here, there is no panel

9

decision to disagree with, because the panel has not yet had an opportunity to consider the merits of the case.

Moreover, initial hearing en banc is not warranted because the panel could resolve this case in a variety of ways that would clearly obviate any need for further review. For example, the panel could conclude—contrary to the government's position—that the discretionary-function exception does not apply on the facts of this particular case, even if the SAA contains such an exception. Likewise, the panel could accept plaintiffs' contentions that earlier Fifth Circuit precedent or subsequent Supreme Court precedent undermines this Court's precedent holding that the SAA contains a discretionary-function exception. Because plaintiffs could prevail before the panel in a variety of ways, initial hearing en banc is unwarranted.

6. Plaintiffs also make a cursory argument (at 13-15) that this Court should grant en banc review to "decide whether the Plaintiffs' claims can proceed against the TVA under the sue-and-be-sued waiver of" the TVA Act. But plaintiffs make no effort to explain why that issue meets the criteria for en banc review, apart from arguing (at 14) that district courts have disagreed on the issue. Such disagreement in the district courts provides no justification for rehearing en banc, much less for initial hearing en banc.

## CONCLUSION

For the foregoing reasons, plaintiffs' petition for initial hearing en banc should be denied.

Respectfully submitted,

BRETT A. SHUMATE
  *Assistant Attorney General*

PRIM F. ESCALONA
  *United States Attorney*

CHARLES W. SCARBOROUGH

 *s/ Weili J. Shaw*
WEILI J. SHAW
  *Attorneys, Appellate Staff*
  *Civil Division, Room 7240*
  *U.S. Department of Justice*
  *950 Pennsylvania Avenue NW*
  *Washington, DC 20530*
  *(202) 514-1371*

SEPTEMBER 2025

# CERTIFICATE OF COMPLIANCE

This brief complies with the type-volume limit of Federal Rule of Appellate Procedure 40(d)(3)(A) because it contains 2,420 words. This brief also complies with the typeface and type-style requirements of Federal Rule of Appellate Procedure 32(a)(5)-(6) because it was prepared using Word for Microsoft 365 in Times New Roman 14-point font, a proportionally spaced typeface.

                                                   *s/ Weili J. Shaw*
                                                   WEILI J. SHAW