**FOR PUBLICATION**

In the

# United States Court of Appeals

## For the Eleventh Circuit

---

No. 25-10547

---

SCHRADE JONES,
CARTER GILLIAM,

*Plaintiffs-Appellants,*

*versus*

UNITED STATES OF AMERICA,
TENNESSEE VALLEY AUTHORITY,

*Defendants-Appellees.*

---

Appeal from the United States District Court
for the Northern District of Alabama
D.C. Docket No. 5:22-cv-00620-LCB

---

Before WILLIAM PRYOR, Chief Judge, and JORDAN, ROSENBAUM, JILL PRYOR, NEWSOM, BRANCH, GRANT, LUCK, LAGOA, BRASHER, ABUDU, and KIDD, Circuit Judges.

No Judge in regular active service on the Court having requested that the Court be polled on granting initial hearing en banc, the Petition for Initial Hearing En Banc is DENIED. See FED. R. APP. P. 40.

WILLIAM PRYOR, Chief Judge, respecting the denial of initial hearing en banc:

The Suits in Admiralty Act expressly permits suits "against the United States or a federally-owned corporation" where "a civil action in admiralty could be maintained" if "a private person or property were involved." 46 U.S.C. § 30903(a). Forty-one years ago, we created a judicial exception to this waiver of sovereign immunity by "incorporating" into the Admiralty Act "the discretionary function exemption" of the Federal Tort Claims Act. *See Williams v. United States*, 747 F.2d 700, 700 (11th Cir. 1984), *aff'g and adopting*, *Williams By and Through Sharpley v. United States*, 581 F. Supp. 847, 852 (S.D. Ga. 1983). Ever since, we have maintained that the Admiralty Act does not waive sovereign immunity for "any claim based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the United States." *Mid-South Holding Co. v. United States*, 225 F.3d 1201, 1204–05 (11th Cir. 2000) (alterations adopted) (quoting 28 U.S.C. § 2680(a)). The plaintiffs in this appeal—who sued the United States and the Tennessee Valley Authority for injuries they suffered when their fishing boat struck an unmarked duck blind in federally controlled waters—now seek initial hearing en banc so that we can overrule our precedents.

*Williams* was wrong the day we decided it. Nothing in the text of the Admiralty Act even remotely suggests that the waiver of sovereign immunity effectuated by section 30903(a) is subject to a discretionary function exception. And we have no business

"rewrit[ing] the statute" to supply exceptions that Congress did not provide. *United States v. Hano*, 922 F.3d 1272, 1284 (11th Cir. 2019) (citation omitted); *see also Bostock v. Clayton County*, 140 S. Ct. 1731, 1747 (2020) ("[W]hen Congress chooses not to include any exceptions to a broad rule, courts apply the broad rule."). Indeed, Congress expressly stated that "[t]he provisions of [the Tort Claims Act] shall not apply" to "[a]ny claim for which a remedy is provided by" the Admiralty Act. 28 U.S.C. § 2680(d) (referencing remedies "provided by chapter 309 or 311 of title 46 relating to claims or suits in admiralty against the United States"). *Williams* did precisely what Congress told us *not* to do.

*Williams* reflects a fundamental misunderstanding of our constitutional structure. According to *Williams*, "the doctrine of separation of powers" compels a judge-made exception to the Admiralty Act that "remove[s]" cases involving discretionary functions "from the jurisdiction of the courts" because judges should exercise "judicial restraint in the face of governmental administrative activity." 581 F. Supp. at 852 (citations omitted). But judges engage in activism, not "restraint," when they amend the statutes Congress writes. The only violation of the separation of powers in *Williams* was the violation we committed.

"[T]he power to waive the federal government's immunity is Congress's prerogative, not ours." *Dep't of Agric. Rural Dev. Rural Hous. Serv. v. Kirtz*, 144 S. Ct. 457, 465–66 (2024). Our focus in construing immunity waivers must be "on statutory text rather than legislative history" or anything else. *Id.* at 466. Because the text of

the Admiralty Act waives sovereign immunity whenever "a civil action in admiralty could be maintained" in cases involving private parties, 46 U.S.C. § 30903(a), without any mention of a discretionary function exception, we erred in creating an exception.

To the extent our error in *Williams* was not obvious before, the Supreme Court removed any doubt in *Thacker v. Tennessee Valley Authority*, 139 S. Ct. 1435 (2019). There, the government invoked the same line of reasoning that we invoked in *Williams*; it contended that the waiver of sovereign immunity in the Tennessee Valley Authority Act was subject to an implied exception for discretionary functions as necessary to protect the separation of powers. *Id.* at 1440–41. The Supreme Court unanimously disagreed.

*Thacker* offered three reasons for its decision. First, "[n]othing in the statute . . . expressly recognize[d] immunity for discretionary functions." *Id.* at 1440. The operative statute instead provided "that the TVA 'may sue and be sued.'" *Id.* (alteration adopted) (quoting 16 U.S.C. § 831c(b)). Second, "Congress made clear" that the "exception for discretionary functions" in the Tort Claims Act did "not apply to any claim arising from the activities of the TVA." *Id.* at 1440–41 (alterations adopted) (quoting 28 U.S.C. § 2680(l)). Because "Congress made a considered decision *not* to apply" the Tort Claims Act "to the TVA," the Court rejected the government's invitation "to negate that legislative choice" and "let the [discretionary function exception] in through the back door." *Id.* at 1441. Third, the government was "wrong to think that waiving the TVA's immunity from suits based on discretionary functions

would offend the separation of powers." *Id.* at 1442. When Congress waives sovereign immunity—"even when it goes so far as to waive . . . immunity for discretionary functions"—"[t]he right governmental actor (Congress) is making a decision within its bailiwick (to waive immunity) that authorizes an appropriate body (a court) to render a legal judgment." *Id.* All three reasons in *Thacker* undermine our reasoning in *Williams*.

In an appropriate case, we should overrule *Williams*. This might be that case. But I agree with the decision not to reach the issue in an initial hearing en banc. "[I]nitial hearing en banc is not favored and ordinarily will not be ordered." FED. R. APP. P. 40(g). Here, it is possible that a three-judge panel will obviate the need to consider overruling *Williams*. For example, a three-judge panel might conclude that *Williams* has been "undermined to the point of abrogation by the Supreme Court." *United States v. Archer*, 531 F.3d 1347, 1352 (11th Cir. 2008). Or the panel might resolve the appeal in a way that permits the plaintiffs to move forward despite *Williams*—by concluding that the Tennessee Valley Authority Act waives the Authority's sovereign immunity independent of the Admiralty Act, or that the discretionary function exception does not apply on the facts. Alternatively, the panel might conclude that sovereign immunity does not apply but that the plaintiffs have failed to state a claim on which relief can be granted. *If* the panel holds that *Williams* controls, the many problems with *Williams* would provide strong grounds to grant rehearing en banc and overrule it. Until then, we should let the ordinary appellate process run its course.